AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

ORIGINAL FILED
JUL 23 2019
WIL_____ _____SH, CLERK

United States of America )
v. )
TAMIKA RITTER, ) Case No.
a/k/a "Gank" ) 19-2036 (JS)
)
)
)
_____ )
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 15, 2019__ in the county of __Cumberland__ in the
_____ District of __New Jersey__, the defendant(s) violated:

| *Code Section* | *Description of Offenses* |
|---|---|
| 18 U.S.C. Section 922(g); 21 U.S.C. Sections 841(a)(1), 841 (b)(1)(B) and (b)(1)(C). | (1) On or about April 15, 2019, in Cumberland County, in the District of New Jersey and elsewhere, defendant Tamika Ritter, knowing that she had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year, knowingly possessed a loaded Ruger, 9 millimeter caliber semi-automatic pistol loaded with approximately twelve rounds of ammunition. (2) On or about April 15, 2019, in Cumberland County, the defendant possessed with intent to distribute cocaine base and fentanyl. |

This criminal complaint is based on these facts:

See Attachment A hereto.

☑ Continued on the attached sheet.

*Complainant's signature*

Joseph Kolodzey, Special Agent D.E.A.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/23/2019

*Judge's signature*

City and state: Camden, New Jersey      Hon. Joel Schneider, U.S. Magistrate Judge
*Printed name and title*

# CONTENTS APPROVED

# UNITED STATES ATTORNEY

By: _____

ALISA SHVER
Assistant U.S. Attorney

Date: _____July 23, 2019_____

## ATTACHMENT A

I, Special Agent Joseph Kolodzey, having conducted an investigation and having spoken with other individuals, have knowledge of the following:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA").

2. I am aware of the facts contained in this Affidavit based upon my own investigation as well as information provided to me by other agents, law enforcement officers and witnesses.

3. Because this Affidavit is submitted for the sole purpose of establishing probable cause to support the issuance of a Criminal Complaint, I have not included each and every fact known by the Government concerning this investigation. Rather, I have summarized sufficient facts to establish probable cause to believe that on or about April 15, 2019 in Millville, New Jersey, the defendant, Tamika Ritter (hereinafter "Ritter") a/k/a "Gank," unlawfully possessed a firearm in violation of Title 18, United States Code, Section 922(g)(1), and unlawfully possessed narcotics with intent to distribute in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). Except as otherwise indicated, the actions, conversations and statements of others identified in this Affidavit are reported in substance and in part.

4. Beginning in March 2019, members of the Cumberland County Prosecutor's Office, along with members of the DEA, conducted an investigation into the sale of narcotics from a property located at 309 East Oak Street, Millville, New Jersey (the "Oak Street Property"). Law enforcement agents received information that Ritter was the narcotics dealer, specifically heroin and crack cocaine, in the Oak Street Property.

5. During the week of March 4, 2019, law enforcement agents met with a confidential informant ("CI") at a confidential location. The agents thoroughly searched the CI for money

and narcotics, and found none. Law enforcement agents gave a sum of cash to the CI and instructed him/her to purchase heroin from Ritter at the Oak Street Property. Law enforcement agents observed the CI enter the Oak Street Property, then return a short time later to a predetermined location. Once at that location, the CI turned over one bundle containing ten packets of suspected heroin.

6. During the week of March 18, 2019, law enforcement agents met again with a CI at a confidential location. They again searched the CI for money and narcotics and found none. They gave a sum of cash to the CI and instructed him/her to purchase heroin from Ritter at the Oak Street Property. Law enforcement agents observed the CI enter the Oak Street property, then return a short time later to a predetermined location. Once at that location, the CI turned over one bundle containing ten packets of suspected heroin. Based on this investigation, as well as information reported by the CI, law enforcement agents obtained a search warrant, issued by Judge Teah D'Arrigo of the Superior Court of Cumberland County, New Jersey, for the Oak Street Property.

7. On or about April 15, 2019, law enforcement agents executed the search warrant at the Oak Street Property. Inside the second floor master bedroom, they encountered Ritter and a second female, later identified as Alicia Johnson, Ritter's girlfriend, who was visibly pregnant. When the officers entered, Ms. Johnson was on the bed. Ritter was standing next to a partially open window. Scattered on the floor near Ritter and the partially open window were packets of narcotics in a trail leading to a dresser. Only one dresser drawer was open. The officers recovered the following items from the floor of the master bedroom and the open dresser drawer in the master bedroom:

a. One Ruger, semi-automatic handgun, loaded with 11 rounds and one live round in the chamber, bearing serial number 381-57886, located in the open top left dresser drawer in plain view;

b. Two clear plastics bags, each containing an off-white chunky substance of suspected crack cocaine. One bag contained approximately 6 grams, the other approximately 26 grams of suspected crack cocaine. The two bags were seized from the floor next to the bed and from the floor next to the window;

c. Nineteen (19) packets of suspected heroin – specifically, three bundles of five and one bundle of four packets located on the floor next to the window;

d. $1,780 United States Currency located in the dresser drawer;

e. One brown cardboard box, located on the floor next to the window, with the following items inside:

   i. Numerous empty wax folded wrappers with "Pray for Death" stamps;
   ii. One clear bag containing small rubber bands;
   iii. Ten (10) packets of suspected heroin stamped "FaceTime"– specifically, two bundles of five weighing approximately 4 grams;
   iv. Two plastic baggies containing a total of 11 grams of an off-white rock-like substance of suspected crack cocaine, and 16 grams of an off-white powdery substance of suspected heroin.

f. One scooping straw located on the floor next to the window; and

g. One plastic bag containing an off-white powdery substance of suspected heroin weighing approximately 46 grams, located on the floor next to the window.

8. Subsequent to the search, law enforcement agents submitted the Ruger handgun identified above to the New Jersey State Police ("NJSP") Ballistics Unit and Laboratory for test firing and analysis. A NJSP detective with the Ballistics Unit determined that the firearm was operable and capable of being discharged. A trace of the firearm revealed that it was manufactured outside of New Jersey, and therefore was in and affecting interstate commerce, and was reported stolen.

9. The narcotics found near Ritter, on the floor, and in the dresser were submitted to the NJSP Office of Forensic Sciences for laboratory testing. Testing revealed the positive presence of cocaine base, and a total weight in excess of 28 grams. Testing also revealed the positive presence of fentanyl.

10. Based on the amount of narcotics found at the Oak Street Property, the packaging of those narcotics (divisions of larger bags and bundles), the presence of drug packaging paraphernalia, the amount of money, and the lack of personal use paraphernalia, I believe Ritter possessed the narcotics with the intent to distribute them.

11. Prior to her possession of the firearm described above on April 15, 2019, Ritter had been convicted of a felony offense, that is, an offense which carries the potential punishment of more than one year imprisonment, in the State of New Jersey.